HENRY CARPENTER, et. al., *Plaintiff in error*,

vs.

JOHN GINDER, *Defendant in error.*

If one party calls and examines a witness, incompetent, from interest, to testify, and he is admitted against the objection of the opposite party, the objection is not waived by the latter recalling and examining such witness.

This case was precisely similar to the preceding, with the single exception that, after the said John Pettifer had been called as a witness, and testified against the objection of the opposite party, and the plaintiff had rested his case, the defendant recalled Pettifer and examined him. The counsel for the defendant in error insisted that this was a waiver by the defendant below, of all objection to the witness on the ground of competency.

*By the Court*, WHITON, C. J. The questions involved in this case, are the same, precisely, as those which were involved in the case of *Carpenter, et al. vs. Moser*, decided at the present term of this court, except that Pettifer, after his testimony, had been taken on behalf of the plaintiff below, was called by Carpenter to testify. This, it is contended by the defendant in error, was a waiver of all objection to the witness on the part of Carpenter, and made him competent. In support of this proposition we are referred to the cases of 7 *J. R.* 179 ; *Miller vs. Starks*, 13 *J. R.* 517 ; 4 *Watts & Sergt.* 171 ; 7 *Cow.* 238; 2 *Cow.* 166.

None of the cases referred to, sustain the position. They only prove that when a party calls a witness

and he is sworn generally in the case, he may be cross examined, or recalled and examined in behalf of the adverse party, although he is interested in favor of such party. In other words, that when a party has called and examined a witness in his own behalf, he cannot object to his examination by the adverse party, on the ground of interest.

But it by no means follows, that because a party waives all objection to the competency of a wtiness, by calling and examining him, a party who cross examines a witness, or recalls him and examines him on his own behalf, when the witness has been permitted to testify against his objection, thereby waives his objection, or that this cross examination or re-examination of the witness, will make him competent, if otherwise incompetent.

The party merely submits to the decision of the court, without waiving the objection which he made to the witness on the ground of incompetency, and we think that he should not be held to have been made competent by this act of the party who objected to him.

For the reasons given in the case of *Carpenter vs. Moser*, above alluded to, we must hold Pettifer to be an incompetent witness, and that for the error of the judge in permitting him to testify, the judgment in this case must be reversed, and a new trial awarded.